THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THAD HARRELL, Defendant-Appellant.

(No. 73-260;

Fifth District—November 1, 1974.

Robert Farrell, James Streicker, and Richard E. Cunningham, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Donald J. Dahlmann, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant was indicted for robbery by the St. Clair County grand jury. The indictment alleged that on January 17, 1973, the defendant took $40 cash from the presence of James Wright and Fred Holden by threatening the imminent use of force. At arraignment defendant pled not guilty, but at subsequent proceedings he changed his plea to guilty pursuant to a plea agreement. Defendant appeals, arguing that his plea was taken in violation of Supreme Court Rule 402(b). Ill. Rev. Stat., ch. 110A, par. 402(b).

Rule 402(b) provides as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

\* \* \*

(b) *Determining Whether the Plea is Voluntary.* The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court,

shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea."

The Committee Comments to Rule 402 (S.H.A., ch. 110A, § 402, Committee Comments (1974)) indicate that two major objectives of Rule 402 are: "(1) to insure compliance with the *Boykin* requirements [*Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709]; and (2) to give visibility to the plea agreement process and thus provide the reviewing court with a record containing an accurate and complete account of all relevant circumstances surrounding the guilty plea." The Comments to subsection (b) add that by giving visibility to the terms of the plea agreement and defendant's assent to them, the plea will be insulated from collateral attack based on allegedly unfulfilled promises made to the defendant.

The record in this case gives only a bare outline of the plea agreement. The terms of the agreement must be pieced together from statements made by the court and the attorneys scattered through the first half of the change of plea proceedings. Nowhere is there a direct statement of the agreement. However, we need not decide whether there was a violation of the statement requirement of 402(b) because the record shows that the trial court did not question the defendant personally in open court to confirm the terms of the plea agreement as required by Rule 402(b). This was reversible error. *People v. Ridley,* 5 Ill.App.3d 680, 284 N.E.2d 37.

For the foregoing reasons the judgment of the trial court is reversed and this case is remanded with instructions that the defendant be allowed to plead anew.

Reversed and remanded with instructions.

CARTER and EBERSPACHER, JJ., concur.